IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH BURCH,                  )
                               )
     Plaintiff,                )
                               )
     v.                        )          1:04CV01032
                               )
PHILIP MORRIS USA INC.,        )
                               )
     Defendant.                )

<u>O R D E R</u>

In this proceeding, the court has dismissed, with prejudice, the complaint on res judicata grounds. The Defendant is seeking sanctions by reason of Plaintiff's unjustified and improper conduct. In order to assess Plaintiff's conduct a review of the proceedings in this and a previous proceeding is necessary.

In 2002, Plaintiff instituted an action (Burch I) alleging wrongful discharge and various Title VII claims. That proceeding was dismissed upon summary judgment in January 2004. Costs were assessed against the Plaintiff. Ten months later, the Plaintiff filed a new but almost identical action in state court which was removed to this court by Defendant (Burch II). Plaintiff's attorney was allowed to withdraw before service had been made upon the Defendant. The court allowed Plaintiff to make service of process and 45 days to procure new counsel. Plaintiff was unable to find counsel even after an additional extension of time. Plaintiff pro se began a series of activities including a

motion to stay Burch II pending impartial investigation, motion to impose sanctions on defense attorney based upon outlandish accusations by Plaintiff, and motion for appointment of counsel based upon Plaintiff's lack of qualifications and Plaintiff's belief that "elaborate, complex and concerted illegal acts are related to" the court's decisions.

At a status conference on March 11, 2005, the court heard Plaintiff engage in a completely unsupported accusation, contending that a defense attorney had altered discovery material and engaged in unethical conduct. The court granted expedited discovery for Plaintiff to procure any evidence of defense attorney's unethical conduct. This discovery period was extended at Plaintiff's request for an additional 23 days. On June 1, 2005, a hearing was held to determine whether Plaintiff had engaged in the discovery process. He had not. The court allowed Defendant's oral motion for sanctions and granted Plaintiff 10 days after a submission by Defendant of counsel fees within which to show cause why he should not be sanctioned. The court dismissed the proceeding on res judicata grounds. Plaintiff's response objected to the imposition of any sanctions.

Wood W. Lay submitted, in response to the court's invitation, a detailed comprehensive report of his firm's legal work in properly defending his client. The court has reviewed the submission and finds it to be reasonable and proper. He has

accumulated in excess of $50,000.00 in attorney fees and expenses of $499.11. Nevertheless, his client is seeking only $10,000.00 in sanctions against the Plaintiff.

The court finds that the Plaintiff has shown no just cause why he should not be sanctioned for failure to abide by the directives of the court and for attempting to relitigate the same matters which were disposed of in Burch I. The court further finds that $8,000.00 is a reasonable and appropriate sanction.

IT IS THEREFORE ORDERED that the Plaintiff Joseph Burch shall pay Eight Thousand and 00/100 Dollars ($8,000.00) to the Defendant Philip Morris USA Inc. through its attorney, Wood W. Lay, Hunton & Williams LLP, Bank of America Plaza, Suite 3500, 101 South Tryon Street, Charlotte, North Carolina 28280, on or before October 1, 2005.

This the 2nd day of September 2005.

*[signature]*
United States District Judge